UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PROGRESSIVE PREFERRED INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:07-cv-29 |
| BANE OF CINCINNATI, INC., ET AL., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On March 23, 2007, Plaintiff Progressive Preferred Insurance Company filed a Motion for Leave to Amend Complaint (Docket # 12), requesting that it be permitted to amend its original Complaint to reflect that Defendant David L. Bane is a citizen of Indiana, not Ohio. For the following reasons, Progressive's Motion for Leave to Amend Complaint will be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2007, Progressive filed a Complaint in this Court, alleging that it "is an insurance company organized and existing under and by virtue of the laws of the State of Ohio, having its principal place of business in the State of Ohio," and that "Defendant David L. Bane is believed to be a citizen and resident of the State of Ohio." (Compl. ¶¶ 2-3.) As a result of these allegations, Defendants Amanda Rusih and Marcela Ruiz filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing that diversity is not complete among Progressive and the Defendants. (Docket # 7.)

In an attempt to remedy this alleged problem, Progressive filed a Motion for Leave to Amend Complaint, maintaining that "[u]pon the filing of the Defendants' Motion to Dismiss,

Progressive learned from Bane that he is domiciled [in] . . . . Indiana . . . ." (Mot. for Leave to Amend Compl. 2.) Accordingly, paragraph 3 of Progressive's proposed Amended Complaint reads: "The remaining Defendants named in this action are believed to be domiciled in and citizens of the State of Indiana." (Mot. for Leave to Amend Compl. Ex. A.)

## II.  STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

Here, it is futile for Progressive to amend its Complaint, as its allegations regarding Bane's citizenship are inadequate. Specifically, Progressive's proposed Amended Complaint alleges that "[t]he remaining Defendants named in this action *are believed* to be domiciled in and citizens of the State of Indiana." (Mot. for Leave to Amend Compl. Ex. A (emphasis added).) However, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro*

*Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

Moreover, for purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc.*, 142 F.R.D. at 152. Progressive maintains that it discovered that Bane was a citizen of Indiana only after Defendants Ruiz and Rusih filed their Motion to Dismiss; Progressive never indicates that Bane was a citizen of Indiana at the time that it filed the Complaint.

### IV. CONCLUSION

Based on the foregoing reasons, Progressive's Motion for Leave to Amend Complaint (Docket # 12) is DENIED.

SO ORDERED.

Enter for this 26th day of March, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

3